# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEWART ABRAMSON, *individually and on behalf of a class of all persons and entities similarly situated*, | ) ) ) ) | Civil Action No. 22-1299 |
| | ) | Magistrate Judge Maureen P. Kelly |
| Plaintiff, | ) ) | Re: ECF No. 13 |
| v. | ) ) ) | |
| AP GAS & ELECTRIC (PA), LLC, | ) ) | |
| Defendant. | ) | |

## OPINION

**KELLY, Magistrate Judge**

Plaintiff Stewart Abramson ("Abramson") initiated this action against Defendant AP Gas & Electric (PA), LLC ("AP Gas") alleging that AP Gas violated the Telephone Consumer Protections Act ("TCPA"), 47 U.S.C. § 227, by sending pre-recorded telemarketing calls to Abramson and purported class members to promote AP Gas goods and services without their consent. ECF No. 1

Presently before the Court is a Motion to Dismiss filed on behalf of AP Gas. ECF No. 13. AP Gas contends that dismissal is warranted pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim or, alternatively, that Abramson's claim for injunctive relief must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of standing. In addition, AP Gas seeks to strike the class allegations. For the reasons that follow, the Motion to Dismiss will be denied.[1]

---

[1] Pursuant to 28 U.S.C. § 636(c), the parties have consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in this case, including trial and entry of final judgment, with direct review by the United States Court of Appeals for the Third Circuit if an appeal is filed. ECF Nos. 16 and 21.

I.      **FACTUAL AND PROCEDURAL BACKGROUND**

Abramson alleges that AP Gas provides gas and energy services to consumers and uses telemarketing to promote its products and solicit new clients. ECF No. 1 ¶¶ 16-17. The telemarketing program includes the use of automated calls to send prerecorded messages. Abramson states that he received at least eleven pre-recorded calls from AP Gas between August 9 and 18, 2022. At least one of these calls was received on his residential line that is used for personal purposes. Id. ¶¶ 20-22. Abramson identified the message as "clearly pre-recorded" because there was a delay after he answered the phone with a distinctive "click" that was followed by the pre-recorded message. The message was delivered in a monotone, non-personalized and generic manner, followed by a prompt to press a button in response to the recorded message. Id. ¶ 24. Abramson alleges that he received multiple calls that delivered the same pre-recorded message. The calls used a "spoofed" Caller ID number to make them appear to originate from a local phone number.

On August 18, 2022, Abramson received one of the calls and pressed a button in response. Abramson then spoke with a live individual identified as "Christopher", who told Abramson that he was calling to offer AP Gas services at a specified rate for 36 months. Id. ¶¶ 25-27. Christopher provided a telephone number for AP Gas for Abramson to call to obtain a verification number. Id. ¶¶ 28-31. Christopher listened to the conversation Abramson had with the person who performed the recorded verification and immediately came back on the line after the verification was completed. Id. ¶ 32.

Abramson alleges that he and other automated call recipients were harmed by these calls because they were temporarily deprived of legitimate use of their phones because the phone line was tied up; they were charged for the calls; their privacy was improperly invaded; and the calls

were frustrating, obnoxious, annoying, a nuisance and disturbed the solitude of Abramson and the class. Id. ¶¶ 33-34.

The following month, Abramson initiated this action with a Complaint filed on behalf of himself and a purported class against AP Gas. ECF No. 1. In response, AP Gas filed the pending Motion to Dismiss and brief in support. ECF Nos. 13-14. Abramson filed a brief in opposition to the Motion to Dismiss. ECF No. 18. AP Gas filed a reply brief. ECF No. 19.

The Motion to Dismiss is now ripe for disposition.

## II.    STANDARD OF REVIEW

### 1.    Rule 12(b)(1)

"A motion to dismiss for want of standing is  … properly brought pursuant to [Federal Rule of Civil Procedure] 12(b)(1), because standing is a jurisdictional matter." Ballentine v. United States, 486 F.3d 806, 810 (3d Cir. 2007) (citations omitted). The standard applied by the Court in reviewing a Rule 12(b)(1) motion challenging standing depends on whether the motion presents a "facial" or a "factual" attack on the issue presented. In re Schering Plough Corp. Intron/Temodar Consumer Class Action, 678 F.3d 235, 243 (3d Cir. 2012). "[A] facial attack contests the sufficiency of the pleadings, … whereas a factual attack concerns the actual failure of a plaintiff's claims to comport factually with the jurisdictional prerequisites." Const. Party of Pa. v. Aichele, 757 F.3d 347, 358 (3d Cir. 2014) (internal citation and alterations omitted).

In reviewing a facial challenge, "the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff." Gould Elecs. Inc. v. United States, 220 F.3d 169, 176 (3d Cir. 2000). A factual challenge, however, permits a court to weigh and consider evidence outside the pleadings. Id. In evaluating a factual attack on standing, "no presumptive truthfulness attaches to plaintiff's

allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. Moreover, the plaintiff will have the burden of proof that jurisdiction does in fact exist." Mortenson v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977).

The Motion to Dismiss Abramson's claim for injunctive relief is properly understood as a facial attack because AP Gas contends that the Complaint lacks sufficient factual allegations to establish standing. ECF No. 14 at 29. Thus, the facts alleged are construed in Abramson's favor, as the nonmoving party.

**2. Rule 12(b)(6)**

To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 667 (2009). Plausibility is "more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678. Instead, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

"To determine the sufficiency of a complaint, a court must take three steps. First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011), as amended (June 6, 2011) (quoting Iqbal, 556 U.S. at 675). "Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Id. at [664]. Third, 'whe[n] there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'" Id. If the facts alleged in the complaint "show" that the plaintiff

is entitled to relief, the court should deny the motion to dismiss. See Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009).

## III.   DISCUSSION

### A.  The TCPA

The TCPA was intended to combat, among other things, the proliferation of automated telemarketing calls (known as "robocalls") to private residences, which Congress viewed as a nuisance and an invasion of privacy. See Mims v. Arrow Fin. Servs., LLC, 565 U.S. 368, 375 (2012). Thus, the TCPA makes it unlawful "to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, unless the call is initiated for emergency purposes … or is exempted by rule or order by the Commission." 47 U.S.C. § 227(b)(1)(B). The TCPA further provides that a "person or entity" may bring an action to enjoin violations of the statute and recover actual damages or $500 in statutory damages per violation, or treble damages for willful violations. 47 U.S.C. § 227 (b)(3)(B). "Because the TCPA is a remedial statute, it should be construed to benefit consumers." Gager v. Dell Fin. Servs., LLC, 727 F.3d 265, 271 (3d Cir. 2013).

Pursuant to the TCPA, Abramson seeks injunctive relief prohibiting AP Gas from using a pre-recorded message to make or direct future calls to residential telephone numbers to advertise its good or services. ECF No. 1 at 9. Abramson also seeks statutory damages on behalf of himself and the proposed class of individuals who have been similarly harmed by AP Gas's violations of the TCPA. Id.

In the Motion to Dismiss, AP Gas challenges the sufficiency of facts alleged to state a claim under the TCPA, Abramson's standing to pursue injunctive relief, and the sufficiency of the class action allegations. The Court addresses each basis for dismissal as follows.

5

**B.  12(b)(6) Motion to Dismiss for Failure to State a Claim**

To state a claim under Section 227(b)(1)(B) of the TCPA, a plaintiff must allege: (1) that the defendant initiated a telephone call to a residential telephone line, (2) using an artificial or prerecorded voice to deliver a message, (3) without the prior express consent of the called party. 47 U.S.C. § 227(b)(1)(B). AP Gas contends that Abramson fails to adequately allege that it initiated the call or that the telephone line was a residential line. ECF No. 14 at 15-27. In addition, AP Gas suggests that the Complaint fails to allege a willful or knowing violation. Id. at 28-29. At this stage of the litigation, each argument is readily resolved in favor of Abramson.

First, Abramson alleges that he received at least one of the eleven pre-recorded calls "on his residential line. 412-XXX-0871. That number is not associated with a business and is used for personal purposes." ECF No. 4 ¶¶ 21-22. These factual allegations are given their plain meaning and are sufficient to support a plausible inference that a call was received on Abramson's residential line.

Second, Abramson alleges that he received a call that started with the following pre-recorded message:

> Hello, this is a call from your utility company.  You have been paying more than your consumption from the previous few months. You will be compensated by fifty dollars along with thirty five percent reduction on your electric and gas bill. Please press one to get your compensation.

Id. ¶ 23. This allegation sufficiently alleges that the caller used a prerecorded message.

Third, the call was then transferred to an agent who identified himself as "Christopher" who "told the Plaintiff that he was calling to sign individuals up for AP Gas's services." Id. ¶ 25. Christopher provided an AP Gas telephone number, directed Abramson to call the number for a verification number, stayed on the line during the verification process, and then returned on the line. These allegations, taken as true as they must at this stage of the litigation, along with any

permissible and plausible inferences, are sufficient to establish a direct or otherwise authorized connection to AP Gas and thus "cross over the line to plausibly state a claim for relief …." Abramson v. Josco Energy USA, LLC, No. 21-1322 (W.D. Pa. Aug. 1, 2022) (ECF No. 30 at 5) (similar allegations "go beyond formulaically reciting the elements of Plaintiff's cause of action," and taken as true, state a claim for relief).

This case contrasts with many of those cited by AP Gas, when the plaintiff "alleged merely that the calls at issue were made by, or on behalf of, or with the authorization of [the defendants]" and failed to allege that a representative on the phone stated that they were calling on behalf of the defendant. Bank v. GoHealth, LLC, No. 19-CV-5459, 2021 WL 1884671, at *12 (E.D.N.Y. May 11, 2021), aff'd, No. 21-1287, 2022 WL 1132503 (2d Cir. Apr. 18, 2022) (contrasting Bank v. Lifewatch, No. 15-CV-5708 (E.D.N.Y. July 10, 2017), where the plaintiff alleged that at the end of a robocall he was transferred to a live person who claimed to work for the defendant)). AP Gas's reliance on Sheski v. Shopify (USA) Inc., No. 19-06858, 2020 WL 2474421, at *2 (N.D. Cal. May 13, 2020) fairs no better. In that case, a text message was sent on the defendant's platform, which lacked "any control over a retailer's actual text marketing campaigns," and was thus not within the scope of the TCPA. Id.  Equally unavailing is AP Gas's citation to Smith v. Direct Bldg. Supplies, LLC, No. 20-3583, 2021 WL 4623275, at *3 (E.D. Pa. Oct. 7, 2021) where the First Amended Complaint "provide[d] no details specifying how Smith knew that Direct Building Supplies in fact placed these calls, such as that … the persons with whom Smith spoke identified themselves as representatives of Direct Building Supplies…." And in Maldando-Rodriguez v. Citibank, N.A., No. 2:12-CV-150, 2013 WL 350814, at *5 (N.D. Ind. Jan. 28, 2013), the district court rejected a claim under the Fair Debt Collections Practices Act, 15 U.S.C. §§ 1692, et seq., because the plaintiff invoked boilerplate language to attribute improper conduct to the defendant, stating that

it "acted through their agents, employees, officers, members, directors, heirs, assigns, principals, trustees, sureties, subrogees, representatives, and insurers." This allegation was "woefully insufficient," id., and stands in stark contrast to the allegations in Abramson's Complaint that plausibly infer a direct connection to AP Gas. Finally, Klein v. Just Energy Grp., Inc., No. 14-1050, 2016 WL 35359137, at *8 (W.D. Pa. June 29, 2016), was decided after discovery on defendants' motion for summary judgment, and the "uncontroverted evidence show[ed] that the calls were not made by or on behalf of the [named defendants]."

AP Gas next asserts that Abramson fails to allege that any violation was willful or knowing, and therefore the Complaint fails to state a claim for treble damages. ECF No. 14 at 28. Under the TCPA, the court has discretion to impose treble damages if the defendant's violation was "willful[] or knowing[]." See 47 U.S.C. § 227(b)(3)(C). To the extent that such an allegation is necessary only for an award of treble damages, the Complaint sufficiently sets forth a plausible claim for relief. Abramson alleges that the calls at issue were made at a time after AP Gas was sued for identical conduct. ECF No. 1 ¶ 19. Despite notice of the potential illegality of its conduct, AP Gas made at least eleven prerecorded calls to Abramson without his consent, with at least one call made to his residential phone. Id. These facts state a claim for a knowing violation of the TCPA. See, e.g., KHS Corp. v. Singer Fin. Corp., 376 F. Supp. 3d 524, 530 (E.D. Pa. 2019) ("A defendant commits a willful and knowing violation of the TCPA if he or she sends an unsolicited faxed advertisement that he or she knows to be a violation of the TCPA.").

For each of these reasons, the allegations of the Complaint and the plausible inferences drawn from them state a claim against AP Gas for the violation of the TCPA. Thus, dismissal is not warranted.

### C.  Article III Standing

AP Gas next contends that Abramson lacks standing to pursue injunctive relief because the Complaint fails to allege "any threat of possible *future* injury" by AP Gas as required under Article III of the United States Constitution. ECF No. 14 at 29 (emphasis in original). Abramson responds that Article III standing is adequately stated based on allegations that AP Gas has adopted a strategy of marketing its services via prerecorded messages and that despite a prior lawsuit for violating the TCPA, it continues to initiate such calls. ECF No. 18 at 11-12. The Court agrees that these allegations establish standing for relief specifically provided for by the TCPA. See Section 227(b)(3) (a private of action is conferred on "a person or entity … to enjoin such violation").

Article III of the Constitution limits the jurisdiction of federal courts to "Cases" and "Controversies." Art. III, § 2. "Standing to sue is a doctrine rooted in the traditional understanding of a case or controversy," and it thus "limits the category of litigants empowered to maintain a lawsuit in federal court…." Spokeo, Inc. v. Robins, 578 U.S. 330, 338 (2016). On a motion to dismiss for lack of standing, "[t]he plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing the elements [of standing]." Id. That burden is readily met here, given the facial attack by AP Gas that requires that the Court consider the allegations of the Complaint as true.

> The Supreme Court's well-known standing test sets forth an "irreducible constitutional minimum" of three elements that a plaintiff must satisfy: (1) "the plaintiff must have suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical," (2) "there must be a causal connection between the injury and the conduct complained of—the injury has to be fairly ... trace[able] to the challenged action of the defendant, and not ... th[e] result [of] the independent action of some third party not before the court[,]" and (3) "it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 [ ] (1992).

Manuel v. NRA Grp. LLC, 722 F. App'x 141, 145 (3d Cir. 2018).

In <u>Manuel</u>, a panel of the United States Court of Appeals for the Third Circuit had no difficulty finding that the plaintiff had standing to assert a TCPA claim based on allegations in the complaint that he received calls on his cell phone placed by the defendant using an automatic telephone dialing system, without his consent, and in violation of the TCPA. <u>Id.</u> at 146 (citing <u>Susinno v. Work Out World, Inc.</u>, 862 F.3d 346, 348 (3d Cir. 2017)). These allegations also met the requisite standing inquiry for statutory causes of action set forth in <u>Lexmark In'tl, Inc. v. Static Control Components, Inc.</u> 572 U.S. 118, 130-134 & 134 n.6 (2014) (announcing that zone-of-interests and proximate cause injury tests supply relevant limitations on statutory standing). <u>Manuel</u>, 2 F. App'x at 146 n. 7; <u>see also</u> <u>Leyse v. Bank of Am. Nat. Ass'n</u>, 804 F.3d 316, 326 (3d Cir. 2015) (applying zone-of-interests test to TCPA claim).

Here, along with allegations that AP Gas is aware of the requirements of the TCPA, Abramson alleges the elements of a TCPA claim to satisfy a demand for injunctive relief: (1) ongoing telemarketing by AP Gas using automated calls to send prerecorded messages; (2) Abramson's receipt of at least eleven prerecorded calls from AP Gas between August 9 and 18, 2002, without his consent; and (3) injury in the form of disturbed solitude and annoyance as well as being temporarily deprived of the use of his phone. ECF No. 1 ¶¶ 19-21. These allegations adequately place him within the zone of interests protected by the TCPA, and allege a pattern and practice by AP Gas of violating the TCPA. These allegations are accepted as true, and permit an inference of future violations that the TCPA seeks to enjoin.

### D. Class Allegations

AP Gas next seeks to strike the class allegations pursuant to Federal Rules of Civil Procedure 12(f) and 23 because: (1) the proposed class is impermissibly overbroad; (2) the class is not "fail-safe"; and (3) common questions of law and fact do not dominate. At this early stage

of the litigation, the Court concludes that none of the arguments proffered by AP Gas warrant the relief requested. To that end, this Court recently found identical class allegations challenged on identical grounds by some of the identical counsel sufficient to survive a motion to dismiss. See Abramson v. Josco Energy,  No. 21-1322 (W.D. Pa. Aug. 1, 2022) (ECF No. 30 at 6-8). The Court agreed with the plaintiff that the motion was premature given the self-limiting definition of the class and further "that such motions [to strike class allegations] should be granted only in the rare case where the complaint demonstrates that no amount of discovery will allow the Plaintiff to meet the requirements of class certification." Id. at 7-8 (citing Swank v. Wal-Mart Stores, Inc., No. 13-CV-1185, 2015 WL 1508403, at *2 (W.D. Pa. Mar. 31, 2015), Sagar v. Kelly Auto. Grp., Inc., No. 21-CV-10540-PBS, 2021 WL 5567408, at *7 (D. Mass. Nov. 29, 2021); Rosenberg v. LoanDepot.com, LLC, 435 F. Supp. 3d 308 (D. Mass. 2020); Donaca v. Metro. Life Ins. Co., No. CV-13-0561, 2014 WL 12597152, at *3-4 (C.D. Cal. Jan 22, 2014); Adam v. CHW Grp., Inc., No. 21-CV-19-LRR, 2021 WL 7285905, at *11 (N.D. Iowa Sept. 9, 2021)(collecting cases)). In addition,

> the Court agrees with Plaintiff that discovery will or will not reveal whether the commonality concerns raised by Defendant are well founded.  Thus, because the Court determines that [ ] 'it is possible that [ ] discovery could possibly demonstrate the viability of the class,' … it would be inappropriate to strike the class allegations at this stage, in that the Defendant's arguments in essence ask this Court to resolve, on the pleadings alone, whether class treatment would be permitted under Rule 23, and if so, the scope of a certified class. It is  simply premature for the Court to do that in light of the principles outlined above.

Josco, at 8 (quoting Swank, 2015 WL 1508403, at *2).

For the same reasons, the Court denies the motion to strike class allegations by AP Gas.

## IV.    CONCLUSION

For the foregoing reasons, Defendant AP Gas & Electric (PA), LLC's Motion to Dismiss Plaintiff's Complaint and/or to Strike Plaintiff's Class Allegations, ECF No. 13, is properly denied, without prejudice. Accordingly, the following Order is entered:

## ORDER

AND NOW, this 6th day of February, 2023, upon consideration of Defendant AP Gas & Electric (PA), LLC's Motion to Dismiss Plaintiff's Complaint and/or to Strike Plaintiff's Class Allegations, ECF No. 13, and the briefs filed in support and in opposition thereto, and for the reasons set forth in the accompanying Memorandum, the motion is DENIED, without prejudice.

IT IS FURTHER ORDERED that, pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, if the Plaintiff wishes to appeal from this Order he or she must do so within thirty (30) days by filing a notice of appeal as provided in Rule 3, Fed. R. App. P., with the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219.


MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE


cc:    All counsel of record by Notice of Electronic Filing