IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEWART ABRAMSON, *individually and on behalf of a class of all persons and entities similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>AP GAS & ELECTRIC (PA), LLC,<br><br>Defendant. | Civil Action No. 22-1299<br>Magistrate Judge Maureen P. Kelly<br><br>Re: ECF No. 27 |

## MEMORANDUM OPINION

**KELLY, Magistrate Judge**

Plaintiff Stewart Abramson ("Abramson") initiated this action against Defendant AP Gas & Electric (PA), LLC ("AP Gas") alleging that AP Gas violated the Telephone Consumer Protections Act ("TCPA"), 47 U.S.C. § 227, by sending pre-recorded telemarketing calls to Abramson and purported class members to promote AP Gas goods and services without their consent. ECF No. 1. On February 6, 2023, this Court denied a Motion to Dismiss Plaintiff's Complaint and/or Strike Plaintiff's Class Allegations filed on behalf of AP Gas because the allegations set forth in Plaintiff's Complaint state a claim for relief under the TCPA and satisfy the pleading requirements for a proposed class action. ECF No. 22.

On February 16, 2023, AP Gas filed a timely Motion for Certification for Interlocutory Appeal and for a Stay of Proceedings Relating to the Court's February 6, 2023 Order. ECF No. 27. The parties have filed briefs in support and in opposition to the Motion for Certification, and AP

Gas has filed a Reply Brief. ECF Nos. 28, 33, and 34. For the following reasons, the motion will be denied.[1]

## I. STANDARD OF REVIEW

The statute governing interlocutory appeals, 28 U.S.C. § 1292(b), provides in relevant part:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

28 U.S.C. § 1292(b). Thus, a district court may certify a non-final order for interlocutory appeal when the moving party bears its burden to establish that the order "(1) involve[s] a controlling question of law, (2) offer[s] substantial ground for difference of opinion as to its correctness, and (3) if appealed immediately [would] materially advance the ultimate termination of the litigation." Katz v. Carte Blanche Corp., 496 F.2d 747, 754 (3d Cir. 1974) (internal quotation marks omitted). "Congress intended that [S]ection 1292(b) should be sparingly applied. It is to be used only in exceptional cases where an intermediate appeal may avoid protracted and expensive litigation and is not intended to open the floodgates to a vast number of appeals from interlocutory orders in ordinary litigation." Milbert v. Bison Lab'ys., Inc., 260 F.2d 431, 433 (3d Cir. 1958).

## II. DISCUSSION

### A. Controlling Question of Law

A controlling question of law is one in which, either: (1) "if erroneous, would be reversible error on final appeal"; or (2) is "serious to the conduct of the litigation, either practically or legally." Katz, 496 F.2d at 755. "'Controlling' means serious to the conduct of the litigation in a

---

[1] Pursuant to 28 U.S.C. § 636(c), the parties have consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in this case, including trial and entry of final judgment, with direct review by the United States court of Appeals for the Third Circuit if an appeal is filed. ECF Nos. 16 and 21.

practical or legal sense." FTC v. Wyndham Worldwide Corp., 10 F. Supp. 3d 602, 633 (D.N.J. 2014) (citations omitted), aff'd, 799 F.3d 236 (3d Cir. 2015). However, "'[c]ertification to appeal [an] interlocutory [o]rder is inappropriate when the underlying order involve[s] mixed questions of law and fact because Section 1292(b) was not designed to secure appellate review of factual matters.'" Id. (alterations in original) (quoting In re Fasteners Antitrust Litig., Civ. A. No. 08-1912, 2012 WL 3194377, at *3 (E.D. Pa. Aug. 6, 2012)).

AP Gas contends that a controlling question of law is presented as to the sufficiency of Abramson's factual allegations to establish liability under the TCPA and that the correct resolution of the issue is critical to the conduct of this litigation. ECF No. 28 at 10-11. In resolving the Motion to Dismiss, this Court held that Abramson alleged a plausible claim against AP Gas for violating the TCPA based in part on the following allegations: the caller "told the Plaintiff he was calling to sign individuals up for AP Gas's Services," the caller provided Abramson an AP Gas telephone number, the caller directed Abramson to call that number for a verification number, the caller stayed on the line during the verification process, and then returned to the line to complete the solicitation.[2] ECF No. 4 ¶¶ 21-25. The Court's conclusion that at the pleading stage, these allegations state a claim for liability under the TCPA may be reversible error if successfully

---

[2] "The [Federal Communications Commission's] rules implementing the TCPA 'generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations. Calls placed by an agent of the telemarketer are treated as if the telemarketer itself placed the call.'" Newell v. Stategic Admin. Grp., Inc., No. 2;20-cv-00967, 2020 WL 12770854, at *1 (E.D. Pa. May 6, 2020) (quoting In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, 10 FCC Rcd. 12391, 12397 ¶ 13 (1995)). Thus, AP Gas may be held liable for the actions of its own employees or those of a third-party telemarketer acting on its behalf under federal common law principles of agency. Campbell-Ewald Co. v. Gomez, 577 U.S. 153, 168 (2016) (court has "no cause" to question FCC's determination that under federal common-law principles of agency, there is vicarious liability for TCPA violations). At the pleading stage of the litigation, and given the remedial purpose of the TCPA to protect consumers from unwanted automated telephone calls, Abramson's allegations about the placement of calls on behalf of AP Gas are enough to state a claim. See e.g., Smith v. Vision Solar LLC, No. CV 20-2185, 2020 WL 7230975, at *4 (E.D. Pa. Dec. 8, 2020) ("the question of agency for TCPA cases will be decided after discovery, as 'without discovery it is impossible for [plaintiffs] to know the nature of an alleged relationship' between the purported principal and agent").

presented on final appeal. Accordingly, the February 6, 2023 Opinion and Order involves a controlling issue of law.

### B.  Substantial Ground for Difference of Opinion

In Glover v. Udren, No. 08-cv-990, 2013 WL 3072377 (W.D. Pa. June 18, 2013), the Court explained the criteria to determine whether a substantial ground for difference of opinion is presented.

> The section 1292(b) "substantial ground for difference of opinion" standard is met "when there is genuine doubt or conflicting precedent as to the correct legal standard applied in the orders at issue." Bush v. Adams, 629 F. Supp. 2d 468, 475 (E.D. Pa. 2009) (citing Bradburn Parent Teacher Store, Inc. v. 3M (Minn. Mining & Mfg. Co.), 2005 WL 1819969, *2 (E.D. Pa. Aug.2, 2005)). Mere disagreement with the district court's ruling does not suffice. Snook v. Penn State Geisinger Health Plan, 2002 WL 34463156, at *5 (M.D. Pa. March 4, 2002) ("[w]hile the [plaintiffs] may not be content with our ruling, their unhappiness, without more, is no basis to allow an appeal"). The difference of opinion must involve "one or more difficult and pivotal questions of law not settled by controlling authority[,]" Knipe v. SmithKline Beecham, 583 F. Supp. 2d 553, 599 (E.D. Pa. 2008) and the party has the burden of showing the "different courts have issued conflicting and contradictory opinions when interpreting a particular question of law." Miron v. Seidman, 2006 WL 3742772, at *3 (E.D. Pa. Dec.13, 2006). See also Davis v. State Farm Ins., 2013 WL 775524, at *4 (E.D. Pa. March 1, 2013) (denying section 1292(b) certification where plaintiff "put forth virtually no argument as to why there [were] substantial grounds for difference of opinion on the two issues and [had] offered no conflicting or contradictory opinions from other courts.").

Id. at *3.

AP Gas argues that in the absence of a binding opinion from the Third Circuit, genuine doubt exists as to the proper standards for pleading direct or vicarious liability and "residential" use for TCPA violations. ECF No. 28 at 12-13 Thus, AP Gas posits, the Court lacks appropriate guidance to decide a routine motion to dismiss. Id. In addition, AP Gas contends that "the same pleading defects" it has identified in Abramson's Complaint have been dismissed by "other district

4

courts in and beyond the Third Circuit." Thus, "reasonable jurists" might disagree with this Court's conclusions, thereby pointing to the need for an immediate appeal. Id. at 14-15.

In support of its argument that this Court's opinion presents a conflicting and contradictory opinion requiring an immediate appeal, AP Gas again relies on nonbinding cases that are readily distinguishable from the facts alleged in Abramson's Complaint. See, e.g., Smith v. Vision Solar LLC, No. 20-2185, 2020 WL 5632653, at *3 (E.D. Pa. Sept. 21, 2020). In Smith, the complaint did not allege: (1) as to one plaintiff, that phone was a residential phone and, (2) as to another plaintiff, any facts that would establish that "Defendant contacted or attempted to contact [Plaintiff]," and (3) as to both plaintiffs set forth only a "bare allegation" that defendants used an automatic telephone dialing system.) Thus, the district court dismissed the complaint without prejudice. Similarly, in Landy v. Natural Power Sources, LLC, No. 21-425, 2021 WL 3634162, at *3 (D.N.J. Aug. 17, 2021), the court ruled that plaintiff had not sufficiently alleged that defendant was directly liable for making the call. Id. The plaintiff alleged that once he was on the call, "he was transferred to" the defendant, without alleging that the defendant placed the call. Id. These facts, like those in Smith, are readily distinguished from those asserted by Abramson, who alleges that "AP Gas made these [telemarketing] calls"; he received "at least eleven pre-recorded calls from AP Gas"; the caller identified himself as soliciting business for AP Gas and provided more information, including an AP Gas phone number to obtain an AP Gas verification code to complete the solicitation on behalf of AP Gas. ECF No. 1.

AP Gas also again cites the decision of Chief Judge Mark R. Hornak in Abramson v. Josco Energy USA, LLC, No. 21-1322 (W.D. Pa. Apr. 22, 2022) (ECF No. 24), granting a motion to dismiss with leave to amend based on the insufficiency of Abramson's allegations in his initial Complaint. ECF No. 28 at 14-15. But AP Gas again fails to disclose that a second motion to dismiss

5

was denied – after the plaintiff presented additional facts that are almost the same as those alleged here. Abramson v. Josco Energy USA, LLC, No. 21-1322 (W.D. Pa. Aug. 1, 2022) (ECF No. 30 at 5). The additional allegations that pushed the plaintiff across the line to plausibly state a claim for relief include that the caller identified himself as calling to solicit business for the defendant, that the caller monitored a "verification phone call" and had ongoing involvement in the call during and after the verification process, that the verification provided plaintiff with the defendant's phone number, and that the caller did not mention or promote the services of any other entity. These allegations mirror many of Abramson's allegations here.

In its Reply Brief, AP Gas cites additional cases with no bearing on the inquiry at hand, i.e., whether reasonable jurists may disagree with the Court's conclusion that at this stage of the litigation, Abramson has alleged facts sufficient to state a plausible claim that AP Gas violated the TCPA. AP Gas cites Abramson v. All American Power & Gas, No. 2:20-cv-01173 (W.D. Pa.) (ECF No. 1), a case where this Court directed the defendant to respond to discovery requests regarding whether it made outbound telemarketing calls, automated or otherwise. Id., Order (Feb. 16, 2021) (ECF No. 40). Given the Court's order, it is apparent that the sufficiency of the Complaint was not at issue.  AP Gas also cites Gilliam v. Reliance First Cap., LLC, No. 21-cv-4774, 2023 WL 2163775, at *4 (E.D.N.Y. Feb. 22, 2023) to challenge the clarity of the law regarding the sufficiency of allegations that the phone used to reach Abramson was his "residential phone." ECF No. 34. In Gilliam, the plaintiff's complaint contained "conclusory allegations that his cell phone number was not 'associated with a business, has never been held out by Plaintiff to the public, and is primarily for personal use,' [thus] he fails to specifically allege any facts from which the Court could infer that the phone number is used for residential purposes." Id. Here, Abramson plainly alleges that he "received at least one such [pre-recorded call from AP Gas] **on**

**his residential telephone line, 412-XXX-0871.... That number is not associated with a business and is used for personal purposes."** ECF No. 1 ¶¶ 21-22. Considering Abramson's plain allegation that an unwelcome call was received **on his residential telephone line,"** <u>Gilliam</u> does not represent a difference of opinion as to the sufficiency of pleading residential use.

To summarize, AP Gas fails to support its contention that there is a substantial ground for difference of opinion within the Third Circuit as to the pleading sufficiency of a TCPA claim when, as here, the plaintiff alleges facts that plausibly identify the defendant as the source of the call and the entity whose business is being promoted, and alleges that the call was received on his residential line. <u>See e.g., Atkinson v. Choice Home Warranty,</u> No. 22-4464, 2023 WL 166168 (D.N.J. Jan. 11, 2023). Because AP Gas has not shown that there is a substantial ground for a difference of opinion on the issues presented, it has not met its burden as to the second required element of Section 1292 (b). Accordingly, the Court need not reach the third element, whether an immediate appeal will materially advance the ultimate termination of the litigation.

Because AP Gas has not established that an immediate appeal is warranted, the Court declines to grant the motion for certification for interlocutory appeal and, as such, there is no basis for the Court to stay the proceedings. The motion for a stay of proceedings also will be denied.

### III. CONCLUSION

For the foregoing reasons, Defendant's Motion for Certification for Interlocutory Appeal and for a Stay of Proceedings Relating to the Court's February 6, 2023 Order (Dkt. 22) will be denied. An appropriate order follows.

BY THE COURT,

*/s/ Maureen P. Kelly*

MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

Dated: March 30, 2023

cc: All counsel of record by Notice of Electronic Filing